UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOANN SIMONS,

        Plaintiff,

  v.

Case No. 19-cv-1851-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, she is married (and her husband is employed), and that she has three children she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff indicates that her husband's monthly ages vary between $4,400 and $5,000 per month. Id. at 2. Against this income, the plaintiff lists monthly

1

expenses of $6,035 ($1,389 rent or mortgage, $2,696 loan payments, $1,550 other household expenses, $400 gas). Id. at 2-3. The plaintiff and her husband own two cars with a total approximate value of $1,700, the couple does not own a home or any other property of value, and they have $0.96 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that the plaintiff was denied Social Security benefits for lack of disability and that the plaintiff is disabled; the plaintiff lists a number of reasons that the Administrative Law Judge's decision denying benefits is not supported by substantial evidence, contains harmful errors of law, and that the ALJ abused discretion. Dkt. No. 1 at 1-4. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for

2

the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 19th day of December, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**